B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

| **NATURE OF SUIT** |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
   Blaise S. Curet, #124983
   bcuret@spccclaw.com
   John T. Meno, #231238
   jmeno@spccclaw.com
2000 Powell Street, Suite 830
Emeryville, California 94608
Tel: (415) 352-6200; Fax: (415) 352-6224

Attorneys for Zurich American Insurance Company
and Zurich American Insurance Company of Illinois

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SOLVIS STAFFING SERVICES, INC.<br><br>     Debtor.<br>_____<br><br>ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS<br><br>     Plaintiffs,<br>   vs.<br><br>SOLVIS STAFFING SERVICES, INC.; BARON HR, INC.; BARON HR, LLC; CORE EMPLOYEE MANAGEMENT, INC.; CORE PERSONNEL, INC. DBA SECURE STAFF; FAIRWAY STAFFING SERVICES, INC.; HORIZON PERSONNEL SERVICES, INC.; KALIFORNIA BUSINESS STAFFING, INC.; KAMRAN STAFFING, INC.; PATHWAY STAFFING, INC. dba PATHWAY GROUP; PERSONNEL STAFFING GROUP, LLC dba MVP STAFFING; PROG HR CORPORATION; PURPOSE DRIVEN PERSONNEL, INC.; RX ENTERPRISE STAFFING, INC.; SECURE STAFFING SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>     Defendants.<br>_____ | Chapter 7<br><br>Case No. 18-01291-LA7<br><br>Hon. Louise DeCarl Adler<br><br>**COMPLAINT FOR RESCISSION, RECOUPMENT, RESTITUTION AND DECLARATORY RELIEF**<br><br>Adv. No. _____ |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

# I.

## COMPLAINT

Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois (collectively "Zurich American") hereby complains as follows:

# II.

## NATURE OF ACTION

1.       This is an adversary proceeding arising out of <u>Chapter 7 Debtor</u> Solvis Staffing Services, Inc.'s ("Solvis Staffing") material misrepresentations and omissions in its applications for workers' compensation insurance with Zurich American under a program administered by Word Wide Specialty Programs, Inc. ("WWSPI").

2.       Solvis Staffing represented to Zurich American and WWSPI that it was a temporary staffing agency, and failed to disclose in its applications for insurance that it was providing services as a Professional Employer Organization ("PEO"), which is an unacceptable underwriting risk and excluded under Zurich American's underwriting guidelines.

3.       Solvis Staffing also failed to disclose that it regularly allowed other staffing companies to use its workers' compensation policies to insure their employees and submit claims under the Zurich American policies issued to Solvis Staffing.  These other staffing companies are identified below as "Non-Debtor Defendants".

4.       Based on the information Solvis Staffing provided, Zurich American Insurance Company of Illinois issued policy number 5714483-00 to Solvis Staffing and Zurich American Insurance Company issued policy number 5714484-00 to Solvis Staffing, both effective April 1, 2016 to April 1, 2017 (the "Zurich American Policies" or "Policies").  The Policies afford coverage for benefits due under workers' compensation law, depending upon the state in which claims for benefits are made.

5.       Zurich American accepted Solvis Staffing's tender of numerous claims for workers compensation benefits in this state and in other jurisdictions under the Zurich American policies.

6.      Zurich American alleges that the Policies should be rescinded based upon Solvis Staffing's material omissions and misrepresentations.  Had Zurich American known the true facts, set forth below, it would not have issued the Policies to Solvis Staffing.

7.      Zurich American alleges that it has no duty to defend or indemnify Solvis Staffing in the underlying claims for workers' compensation benefits based upon the material omissions and misrepresentations in Solvis Staffing's application for the Policies, entitling Zurich American to a rescission of the Policies.

8.      Upon judgment by the Court approving the rescission, Zurich American will return the full premium paid by Solvis Staffing for the Policies and Solvis Staffing will return all fees and costs Zurich American has paid in the defense of Solvis Staffing against claims for workers compensation benefits and of all indemnity Zurich American has paid on behalf of Solvis Staffing under the Policies, according to proof.

9.      Zurich American alleges that benefits were mistakenly paid to employees of Non-Debtor Defendants in the underlying claims for workers' compensation benefits because Zurich American had no knowledge of Solvis Staffing's scheme to insure Non-Debtor Defendants' employees and submit their claims under the Zurich American policies issued to Solvis Staffing.

10.     Zurich contends that the Non-Debtor Defendants are not insureds under the Zurich American Policies and their employees are not entitled to benefits under Zurich American policies.  Zurich American therefore has no duty to defend or indemnify Non-Debtor Defendants in the underlying claims for workers compensation benefits nor does it have any duty to respond to the underlying claims for workers compensation benefits brought by employees of Non-Debtor Defendants.

11.     Zurich American seeks restitution from Non-Debtor Defendants for benefits mistakenly paid to their employees in the underlying claims for workers' compensation benefits.  Prior to the filing of this Complaint, Zurich American demanded that Non-Debtor Defendants return all benefits paid to their employees under the Policies.

/ / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

### III.

### JURISDICTION AND VENUE

12.     The Court has jurisdiction pursuant to 28 U.S.C. 1334 §§ (b) and (e) and 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A) and 157(b)(2)(O) and/or 28 U.S.C. § 157(a) because all claims asserted hereunder either: (a) are core claims or (b) otherwise arise under or are related to the instant bankruptcy case.

13.     This Court has personal jurisdiction over Defendant Solvis Staffing and Non-Debtor Defendants pursuant to Federal Rules of Bankruptcy Procedure 7004(f).

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

15.     Pursuant to Federal Rules of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Zurich American consents to entry of final orders or judgments by this Court.

### IV.

### THE PARTIES

16.     Plaintiff Zurich American Insurance Company is a corporation organized under the laws of the State of New York with its principal place of business in Schaumburg, Illinois.  It is authorized to transact business and has transacted business in the State of California.

17.     Plaintiff Zurich American Insurance Company of Illinois is a corporation organized under the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois.  It is authorized to transact business and has transacted business in the State of California..

18.     Chapter 7 Debtor and Defendant Solvis Staffing is a corporation organized under the laws of the State of California with its principal place of business in Escondido, California.

19.     Non-Debtor Defendant Baron HR, Inc. ("Baron HR") is a corporation organized under the laws of the State of Delaware and is registered as a foreign corporation in the State of California with a place of business in Anaheim, California.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

20.    Non-Debtor Baron HR, LLC ("Baron LLC") is a limited liability company organized under the laws of the State of Delaware with a place of business in Anaheim, California.

21.    Non-Debtor Defendant Core Employee Management, Inc. ("Core Employee Management") is a corporation organized under the laws of the State of California with its principal place of business in Carson, California.

22.    Non-Debtor Defendant Core Personnel, Inc. dba Secure Staff ("Core Personnel") is a corporation organized under the laws of the State of California with its principal place of business in Ontario, California.

23.    Non-Debtor Defendant Fairway Staffing Services, Inc. ("Fairway Staffing") is a corporation organized under the laws of the State of California with its principal place of business in Bellflower, California.

24.    Non-Debtor Defendant Horizon Personnel Services, Inc. ("Horizon Personnel") is a corporation organized under the laws of the State of Texas with its principal place of business in Dallas, Texas.

25.    Non-Debtor Defendant Kalifornia Business Staffing, Inc. ("KBS") is a corporation organized under the laws of the State of California with its principal place of business in Fresno, California.

26.    Non-Debtor Defendant Kamran Staffing, Inc. ("Kamran Staffing") is a corporation organized under the laws of the State of California with its principal place of business in Ontario, California.

27.    Non-Debtor Defendant Pathway Staffing, Inc. dba Pathway Group ("Pathway Group") is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California.

28.    Non-Debtor Defendant Personnel Staffing Group, LLC dba MVP Staffing ("MVP Staffing") is a limited liability company organized under the laws of the State of Florida and is registered as a foreign limited liability company in the State of California with principal offices in Deerfield, Illinois, and Bakersfield, California.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

29.     Non-Debtor Defendant Prog HR Corporation ("Prog HR") is a corporation organized under the laws of the State of Delaware and is registered as a foreign corporation in the State of California with its principal place of business in Escondido, California.

30.     Non-Debtor Defendant Purpose Driven Personnel, Inc. ("Purpose Driven Personnel") is a corporation organized under the laws of the State of California with its principal place of business in Whittier, California.

31.     Non-Debtor Defendant RX Enterprise Staffing, Inc. ("RX Enterprise") is a corporation organized under the laws of the State of California with its principal place of business in Cudahy, California.

32.     Non-Debtor Defendant Secure Staffing Services, Inc. ("Secure Staffing") is a corporation organized under the laws of the State of California with its principal place of business in Escondido, California.

33.     Does 1 through 50, inclusive, are, and were at all times relevant herein, agents, employees, successors-in-interest, or affiliates of Solvis Staffing under the workers' compensation insurance policies at issue, or are responsible in some manner for the occurrences alleged in this action.  Zurich American is unaware of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Zurich American will pray leave of this Court to amend its Complaint to allege the true names and capacities of said Defendants when ascertained.

**V.**

**THE ZURICH AMERICAN POLICIES**

34.     Zurich American Insurance Company of Illinois policy number WC 5714483-00 affords coverage for workers' compensation benefits in Alabama, Arizona, California, Florida, Illinois, Michigan, Minnesota, new Jersey, Nevada, New York, Pennsylvania, Tennessee, and West Virginia.

35.     Zurich American Insurance Company policy number WC 5714484-00

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

Case No. 18-01291-LA7/Adv. No. _____

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

1   affords coverage for workers' compensation benefits in North Carolina and Texas.

2       36.     The Zurich American Policies only identify Solvis Staffing as a scheduled

3   insured.

4       37.     The Policies apply to bodily injury by accident or disease, including resulting

5   death, if the bodily injury by accident and bodily injury by disease occurs during the policy

6   period.  Zurich American agrees to pay benefits required of Solvis Staffing under the

7   workers compensation law, and defend Solvis Staffing against any claim, proceeding or

8   suit for workers' compensation benefits payable under the Policies.  However, Zurich

9   American has no duty to defend a claim, proceeding or suit that is not covered under the

10  policies.

11      38.     Zurich American may cancel the policies by written notice of cancellation to

12  Solvis Staffing.  By endorsements specifically applicable to California, Illinois, Minnesota,

13  Nevada, North Carolina, and Texas, Zurich American is permitted to cancel the policies

14  for material omissions and misrepresentations made by Solvis Staffing.

**V.**

**THE APPLICATION FOR THE ZURICH AMERICAN POLICIES**

17      39.     In late 2015 Solvis Staffing, through its original broker, Champion Risk and

18  Insurance provided an application to WWSPI to replace another policy, which was written

19  for medical staffing operations. Solvis Staffing was expanding operations to include non-

20  medical operations.

21      40.     Because of certain exposures (garbage and refuse) WWSPI declined the risk.

22  In February, 2016 a broker of record letter identified ATAS Insurance Services

23  Corporation ("ATAS") as Solvis Staffing's broker.  ATAS provided another submission to

24  WWSPI, which represented Solvis Staffing as clerical sales people, which was considered

25  a non-hazardous risk.

26      41.     The application from ATAS was dated February 10, 2016, but came to

27  WWSPI on February 26, 2016.  Solvis Staffing answered "No" to questions whether any

28

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

prior coverage was declined or if it leased employees.  Saying no to leasing employees indicated Solvis Staffing was not engaged in PEO activities.  A copy of the Acord 130 Workers Compensation Application from Solvis Staffing is attached hereto as Exhibit "1".

42.     The account was approved and coverage under the Policies was bound effective April 1, 2016.  Because the application was unsigned, WWSPI requested Solvis Staffing provide a signed application, which was received on April 4, 2016.  In the Acord 130 Florida Workers Compensation Application, Solvis Staffing indicated that it is a Temporary Staffing Agency, and marked the box for "Temporary Employment Agency".  There is an option to check "Professional Employer Organization (PEO)/Employee Leasing Company", but it was not checked.   A copy of the signed Acord 130 Florida Workers Compensation Application is attached hereto as Exhibit "2".

43.     Solvis Staffing also submitted an Acord 130 Workers Compensation Application to WWSPI, dated April 1, 2016, indicating that it is a "Staffing company for numerous states and industries…"  Solvis Staffing indicated on this application that it does "lease" employees to or from other employers.  A copy of the Acord 130 Workers Compensation Application is attached hereto as Exhibit "3".  An additional document from Solvis Staffing (dated March 17, 2016), Specialty Workers' Compensation Temporary Staffing Program-Supplemental Application," denied providing PEO services.  A copy of the Specialty Workers' Compensation Temporary Staffing Program-Supplemental Application is attached hereto as Exhibit "4".

44.     WWSPI advised Solvis Staffing that it had identified that Solvis Staffing was engaged in the practice of the staffing of staffing companies but must discontinue the practice.

45.     Based on Solvis Staffing's representation in the submission to WWSPI that it did not provide PEO services, and on the condition that Solvis Staffing did not engage in staffing of staffing companies, the Zurich American Policies were issued.

/ / /

/ / /

# VI.

## THE INVESTIGATION

46.    In or about April 2016, Zurich American is informed and believes that WWSPI was contacted by an insurance agent with Tannor Insurance Center LLC to confirm coverage for RX Enterprise under the Zurich American Policies.

47.    WWSPI was informed that the agent's client, Papa Cantella's, Inc. ("Papa Cantella's"), was considering using RX Enterprise and was provided a Certificate of Insurance showing workers' compensation insurance by Solvis Staffing through policies issued by Zurich American.  Papa Cantella's was purportedly told by RX Enterprise of its affiliation with Solvis Staffing, so the agent asked WWSPI to confirm coverage.  A copy of the verification request and Certificate of Insurance is attached hereto as Exhibit "5".

48.    WWSPI investigated the situation and obtained a copy of a written agreement from Solvis Staffing's broker ATAS, entitled Marketing Partner Agreement, between Solvis Staffing and RX Enterprise (the "RX Marketing Agreement").  A copy of the Marketing Partner Agreement is attached hereto as Exhibit "6".

49.    Under the RX Marketing Agreement, RX Enterprise was to market Solvis Staffing's services to prospective clients on a commission basis.  The agreement also indicated that RX Enterprise was not covered under Solvis Staffing's workers compensation insurance.

50.    The RX Marketing Agreement did not align with the agent's request to confirm coverage for RX Enterprise under the Zurich American policies.  WWSPI contacted ATAS, who claimed that they did not know about the certificate and that ATAS would contact Solvis Staffing and respond to the concern.

51.    On May 11, 2016, ATAS wrote to WWSPI in an effort to explain the inconsistency between the agent's request to confirm coverage for RX Enterprise and the scope of the RX Marketing Agreement.  ATAS explained that RX Enterprise is a broker for Solvis Staffing and brings worksite staffing opportunities to Solvis Staffing.  ATAS claimed that RX Enterprise presented Papa Cantella's as a potential client, which Solvis

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

1  Staffing had approved with the California State Compensation Insurance Fund.  Papa

2  Cantella's, however, requested A-rated paper and asked for a sample Zurich American

3  certificate and sought confirmation from Zurich American that the policy was valid.

4        52.    ATAS further explained that Solvis Staffing began the process of getting the

5  approved class code from Zurich American.  Simultaneously, Papa Cantella's contacted

6  Zurich American to ensure that the policy was valid.  Papa Cantella's was told that the

7  policy was in place but the class code had not been approved.  At this point, Papa

8  Cantella's cancelled its contract with Solvis Staffing.  At no time, ATAS claimed, was

9  Papa Cantella payroll processed under the Zurich American policy.

10        53.    ATAS's explanation of Solvis Staffing's relationship with RX Enterprise and

11  Papa Cantella's is contradicted by what Zurich American discovered during the course of

12  its investigation, which revealed that Solvis Staffing permitted other staffing companies to

13  "piggyback" on Solvis Staffing's workers' compensation insurance and that Solvis

14  Staffing was providing PEO services.

15        54.    Solvis Staffing concocted a scheme to obtain workers' compensation

16  insurance from Zurich American by purporting to be a temporary staffing agency.  Solvis

17  Staffing then entered into agreements with staffing companies such as RX Enterprise,

18  Kamran Staffing, Fairway Staffing and other Non-Debtor Defendants, under which Solvis

19  Staffing allowed these staffing companies to use its workers' compensation policies to

20  insure the staffing companies' employees and submit claims under Solvis Staffing's

21  policies.

22        55.    Solvis Staffing entered into these agreements because those staffing

23  companies were unable to obtain, or were able to obtain only at unfavorable rates for,

24  workers' compensation insurance.

25        56.    Under these agreements, Solvis Staffing hired workers and then placed these

26  workers at worksite locations using, for example, RX Enterprise's staffing services.  Solvis

27  Staffing agreed to handle payroll and payroll taxes, and maintain payroll records for these

28  workers.  Solvis Staffing collected the gross payroll for all workers assigned to a particular

staffing company, and charged additional amounts under the agreements, such as a replenishing deductible, collateral, and various administrative fees such as a "Worker's Comp Deposit".

57.     Solvis Staffing agreed to maintain workers' compensation insurance for each of these workers and to indemnify the staffing companies for any claim for workers' compensation benefits made by a worker.  Solvis Staffing also agreed to provide certificates of insurance evidencing coverage to both the staffing companies and their clients.  An example of this type of agreement, entitled Agreement for Staffing Services, is attached hereto as Exhibit "7".  The agreement is between Solvis Staffing and RX Enterprise and is incorporated into a complaint filed on November 28, 2016, in San Diego Superior Court entitled, *Solvis Staffing Services, Inc. v. RX Enterprise Staffing, Inc., et al*, Case No. 37-2016-00041783-CU-BC-NC.

58.     A similar agreement between Solvis Staffing and Kamran Staffing was obtained by Zurich American, under which Solvis Staffing agreed to handle payroll (including withholding and taxes), and maintain workers' compensation insurance for Kamran Staffing's employees.  Solvis also agreed to administer unemployment claims and indemnify Kamran Staffing for any workers' compensation claims to the extent of workers' compensation insurance coverage.  Solvis Staffing paid payroll, but then billed Kamran Staffing for all hours worked.  The Agreement for Staffing Services between Kamran Staffing and Solvis Staffing is attached hereto as Exhibit "8" and is incorporated into a cross-complaint filed on November 17, 2016, in San Diego Superior Court entitled, *Solvis Staffing Services, Inc. v. Kamran Staffing, Inc., et al*, Case No. 37-2016-00024520-CU-BC-NC.

59.     According to the cross-complaint in *Solvis Staffing Services, Inc. v. Kamran Staffing, Inc., et al*, Case No. 37-2016-00024520-CU-BC-NC, Kamran Staffing alleges that it paid Solvis Staffing over $1.5 million in payroll taxes that was used to pay for workers' compensation insurance, although Kamran Staffing was never covered under the insurance.  Kamran Staffing also alleges that Solvis Staffing kept Kamran Staffing's

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

1    monies as a per claim deductible for each workers' compensation claim, which was

2    $250,000 per claim, and further alleged that Solvis Staffing kept in excess of $10 million

3    paid by Kamran Staffing.

4        60.    Zurich American's investigation further revealed that when one of these

5    workers was injured, the staffing company reported the claim to ATAS, which was acting

6    as Solvis Staffing's broker.  ATAS then reported the claim to Southland Claims Service,

7    Inc. ("Southland Claims"), a third party administrator that administered the workers'

8    compensation claims for Solvis Staffing, for a fee.  Under this arrangement, claims were

9    not tendered directly to Zurich American or to Solvis Staffing's other insurers.

10       61.    At some point during the arrangement between Solvis Staffing and

11   Southland Claims, Solvis Staffing stopped paying Southland Claims to administer the

12   workers' compensation claims.  Thereafter, Southland Claims returned the claims to Solvis

13   Staffing.

14       62.    Zurich American discovered a similar arrangement with Fairway Staffing.

15   Under a Staffing Services Agreement between Solvis Staffing and Fairway Staffing, Solvis

16   Staffing agreed to hire workers and then placed these workers at worksite locations using

17   Fairway Staffing services.  Solvis Staffing agreed to handle payroll and payroll taxes, and

18   maintain payroll records for these workers.  Solvis Staffing collected the gross payroll for

19   all workers assigned to Fairway Staffing and charged additional amounts under the

20   agreements, such as a replenishing deductible, collateral, and various administrative fees

21   such as a $5,000 "Worker's Comp Deposit" fee.

22       63.    Solvis Staffing agreed to maintain workers' compensation insurance for each

23   of these workers and to indemnify Fairway Staffing for any claim for workers'

24   compensation benefits made by a worker.  Solvis Staffing also agreed to provide

25   certificates of insurance evidencing coverage to both the staffing companies and their

26   clients.  The Agreement for Staffing Services between Fairway Staffing and Solvis

27   Staffing is attached hereto as Exhibit "9".

28       64.    Esther Zapata filed a claim for workers compensation benefits on October

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

12

Case No. 18-01291-LA7/Adv. No. _____

COMPLAINT

13, 2016, against Fairway Staffing. When she was deposed on July 5, 2017, Ms. Zapata testified that she was under the impression that she was working for Fairway Staffing. Ms. Zapata testified that she only dealt with people she thought were associated with Fairway Staffing and visited the same office in Los Angeles when she would pick up her paychecks. Ms. Zapata's paychecks were issued by Fairway Staffing prior to June 2016, but subsequent paychecks showed Solvis Staffing as the employer. See Exhibit "10", including Exhibits A and B to the deposition transcript of Esther Zapata). In effect, Solvis Staffing was acting as a PEO for Fairway Staffing.

65.  This arrangement was confirmed by Ramon Gonzalez, Safety Coordinator for Fairway Staffing, who testified that Solvis Staffing was providing all workers to Fairway Staffing. Various other Fairway Staffing employees including Nelson Gonzalez, the president, testified that Solvis Staffing was one of Fairway Staffing's PEOs and described how claims of injured workers would be reported "to the PEO carrier, i.e., Solvis Staffing." Margarita Razo, Chief Financial Officer and payroll manager Jasmine Razo also described Solvis Staffing as Fairway Staffing's PEO providing payroll and workers compensation coverage.

66.  Zurich American's investigation into Solvis Staffing's activities also revealed that Solvis Staffing was acting as a PEO for a trucking company client, Tri-State Intermodal, Inc. ("Tri-State").

67.  In or about July 2016, Tri-State contacted WWSPI in connection with a workers' compensation claim made by a truck driver at Tri-State. Tri-State provided a Certificate of Insurance to WWSPI, showing coverage for Tri-State as the Certificate Holder under Zurich American policy number 5714483. The certificate further stated that "Workers compensation coverage is afforded to staffed employees by contract with Tri-State Intermodal, Inc., for approved operations only." A copy of the Certificate of Insurance is attached hereto as Exhibit "11".

68.  Tri-State also provided a copy of the Staffing Agreement between Tri-State and Solvis Staffing, under which Solvis Staffing agreed to "pay, withhold, and transmit

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

1  payroll taxes; provide unemployment insurance and workers' compensation benefits; and

2  handle unemployment and workers' compensation claims."

3      69.    There is a provision under the agreement by which Tri-State can recruit a

4  person who is then referred to Solvis Staffing for employment and then assigned back to

5  Tri-State, but this is not what Solvis Staffing did.

6      70.    Solvis Staffing had all of Tri-State's then current employees sign new hire

7  packets as employees of Solvis Staffing.  Tri-State recruited drivers, mechanics, and

8  clerical staff, who would then fill out Solvis Staffing new hire packets which were then

9  sent to Solvis Staffing in California, effectively making the new hires Solvis Staffing

10 employees.

11     71.    In effect, Solvis Staffing was acting as a PEO by providing all of Tri State's

12 clerical, mechanical, and driving operations and handling all claims through the Zurich

13 American policies.

14     72.    On September 2, 2016, Zurich American mailed to Solvis Staffing Notices of

15 Cancellation of the Zurich American policies, effective November 11, 2016.

16     73.    Shortly thereafter, Solvis Staffing began tendering to Zurich American a

17 wave of claims for workers' compensation benefits, some reported several months after

18 their dates of loss.  In all, Solvis Staffing tendered 170 claims to Zurich American after the

19 policies were canceled, many of which are still pending adjudication.

20     74.    On January 26, 2017, Zurich American submitted a fraud claim to the

21 California Department of Insurance ("CDOI") with respect to Solvis Staffing's

22 misrepresentations and activities, which is currently pending.

23     75.    As a result of the investigation into Solvis Staffing's activities, Zurich

24 American issued a Notice of Rescission on January 8, 2018 rescinding the Zurich

25 American Policies.  A copy of the Notice of Rescission is attached hereto as Exhibit "12".

26 / / /

27 / / /

28 / / /

## FIRST CAUSE OF ACTION

### (Rescission)
(Against Defendant Solvis Staffing)

76.      Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-75 of this Complaint as if fully set forth herein.

77.      In its application for insurance, Solvis Staffing represented that its business is a temporary staffing agency.  In the application, Solvis Staffing denied providing PEO services, which is an ineligible class code under Zurich American underwriting guidelines.

78.      Solvis Staffing failed to disclose to Zurich American that it actually provided PEO services, and allowed other staffing companies to use its workers' compensation policies to insure the staffing companies' employees and submit claims under the Zurich American policies issued to Solvis Staffing.  These were material omissions and misrepresentation by Solvis Staffing.  If Zurich American had known that Solvis Staffing intended to act as a PEO and allow other staffing companies to piggyback onto Zurich American's workers compensation insurance policies, Zurich American would not have issued the Zurich American policies to Solvis Staffing.

79.      Based upon Solvis Staffing's material misrepresentations and omissions, as set forth above, the Zurich American policies are void *ab initio* as of the date of their inception, April 1, 2016.

80.      Zurich American is entitled to a judgment rescinding the Zurich American policies *ab initio* as of the date of their inception, April 1, 2016.

81.      Upon judgment by the Court approving rescission of the Zurich American Policies, Zurich American is entitled to a Judgment declaring that it has no duty to defend or indemnify Solvis Staffing in the underlying claims for workers compensation benefits nor does it have any duty to respond to any of the underlying claims for workers compensation benefits.

/ / /

/ / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

## SECOND CAUSE OF ACTION

### (Recoupment of Defense Fees and Costs)
(Against Defendant Solvis Staffing)

82.     Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-81 of this Complaint as if fully set forth herein.

83.     Upon Judgment by the Court approving rescission of the Zurich American policies, and Judgment declaring that Zurich American has no duty to defend or indemnify Defendants, Zurich American is entitled to recoup from Solvis Staffing all fees and costs paid in defense of the underlying workers' compensation claims, according to proof.

## THIRD CAUSE OF ACTION

### (Recoupment of Indemnity Costs)
(Against Defendant Solvis Staffing)

84.     Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-83 of this Complaint as if fully set forth herein.

85.     Upon Judgment by the Court approving rescission of the Zurich American policies, and Judgment declaring that Zurich American has no duty to defend or indemnify Defendants, Zurich American is entitled to recoup from Solvis Staffing all indemnity paid on its behalf in the underlying workers' compensation claims, according to proof.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment – Restitution)
(Against Defendant Solvis Staffing)

86.     Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-85 of this Complaint as if fully set forth herein.

87.     At all relevant times herein, Zurich American conferred a benefit by providing Solvis Staffing with an assurance that Zurich American would afford workers compensation benefits covering Solvis Staffing's employees up to a certain amount for bodily injury by accident, disease or death that occurred by the conditions of employment with Solvis Staffing between April 1, 2016 to April 1, 2017.

88.     Solvis Staffing was aware of and voluntarily accepted and retained the

1  benefits provided by Zurich American under the Zurich American Policies.

2        89.    Zurich American enriched Solvis Staffing by the benefits provided under the

3  Zurich American Policies.

4        90.    It is unjust and inequitable for Solvis Staffing to receive the benefits Zurich

5  American conferred under the Zurich American Policies that Solvis Staffing obtained

6  through material misrepresentations and omissions, as set forth above.

7        91.    Zurich American is entitled to restitution in an amount equal to the benefits

8  conferred upon Solvis Staffing as defense fees, costs and indemnity, according to proof.

9  ### FIFTH CAUSE OF ACTION

10  **(Unjust Enrichment – Restitution)**
(Against Non-Debtor Defendants)

11

12        92.    Zurich American hereby incorporates and re-alleges the allegations in

13  paragraph 1-91 of this Complaint as if fully set forth herein.

14        93.    Non-Debtor Defendants were, at all relevant times, required to carry

15  workers' compensation insurance.

16        94.    Non-Debtor Defendants were not at any time scheduled insureds under the

17  Zurich American Policies.

18        95.    Non-Debtor Defendants knew or should have known that they were required

19  to carry workers' compensation insurance for their employees, but instead entered into

20  arrangements with Solvis Staffing to obtain coverage under the Zurich American Policies.

21        96.    Zurich American did not intend to pay, and had no intention of paying,

22  benefits on behalf of Non-Debtor Defendants nor did Zurich American have knowledge

23  that Non-Debtor Defendants were benefiting under the Zurich American Policies, until

24  Solvis Staffing's scheme fell apart and claims for workers' compensation benefits began

25  pouring in.

26        97.    Zurich American enriched Non-Debtor Defendants by the benefits provided

27  under the Zurich American Policies.

28        98.    It is unjust and inequitable for Non-Debtor Defendants to receive the benefits

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

Zurich American conferred under the Zurich American Policies that Non-Debtor Defendants obtained through their arrangements with Solvis Staffing despite Non-Debtor Defendants knowing that they were required to maintain their own workers' compensation insurance.

99.     Prior to filing this Complaint Zurich American issued demands to Non-Debtor Defendants to return all benefits paid to their employees under the Policies issued to Solvis Staffing.

100.    Zurich American is entitled to restitution in an amount equal to the benefits conferred upon Non-Debtor Defendants, and each of them, according to proof.

### SIXTH CAUSE OF ACTION

**(Declaratory Relief)**
(Against Defendant Solvis Staffing)

101.    Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-100 of this Complaint as if fully set forth herein.

102.    There is an actual controversy between Zurich American and Solvis Staffing concerning their respective rights and obligations under the Zurich American policies and Zurich American's request for rescission of those policies based upon concealment and material misrepresentations in the application, Zurich American's duty to defend and/or indemnify Solvis Staffing, Zurich American's right to obtain recoupment of all defense fees, costs and indemnity paid on behalf of Solvis Staffing should the Court rescind the Zurich American Policies, and Zurich American's right to restitution in an amount equal to the benefits conferred upon Solvis Staffing as defense fees, costs and indemnity.  Zurich American contends that:

a.      The Zurich American policies should be rescinded *ab initio*, based upon Solvis Staffing's misrepresentation and concealment of facts relating to its activities as a PEO and allowing other staffing companies to piggyback on Zurich American's workers' compensation coverage, as set forth above;

b.      If the Zurich American Policies are rescinded *ab initio*, Zurich

American has no duty to defend or indemnify Solvis Staffing in the underlying claims for workers compensation benefits nor does it have any duty to respond to the underlying claims for workers compensation benefits;

        c.      If the Zurich American Policies are rescinded *ab initio*, Zurich American is entitled to recoup all defense fees, costs, and indemnity paid on behalf of Solvis Staffing under the policies.

        d.      Zurich American is entitled to restitution in an amount equal to the benefits conferred upon Solvis Staffing as defense fees, costs and indemnity.

Zurich American requests this Court declare the rights and obligations of the parties with regard to Zurich American's request to rescind the policy *ab initio*, Zurich American's duty to defend and indemnify Solvis Staffing, and Zurich American's right to recoup all defense fees, costs and indemnity paid on Solvis Staffing's behalf, and Zurich American's right to restitution in an amount equal to the benefits conferred upon Solvis Staffing as defense fees, costs and indemnity.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)
(Against Non-Debtor Defendants)

103.    Zurich American hereby incorporates and re-alleges the allegations in paragraphs 1-102 of this Complaint as if fully set forth herein.

104.    There is an actual controversy between Zurich American and Non-Debtor Defendants concerning their respective rights and obligations under the Zurich American Policies and Zurich American's right to restitution in an amount equal to the benefits conferred upon Non-Debtor Defendants.  Zurich American contends that:

        a.      Non-Debtor Defendants are not insureds under the Zurich American Policies and their employees are not entitled to benefits under Zurich American's workers' compensation coverage, and therefore, Zurich American has no duty to defend or indemnify Non-Debtor Defendants in the underlying claims for workers compensation benefits nor does it have any duty to respond to the underlying claims for workers

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

1  compensation benefits brought by employees of Non-Debtor Defendants;

2              b.      Non-Debtor Defendants unjustly benefitted under the Zurich

3  American Policies by piggybacking on Zurich American's workers' compensation

4  coverage, as set forth above;

5              c.      Zurich American is entitled to restitution in an amount equal to the

6  benefits conferred upon Non-Debtor Defendants as benefits paid to their employees.

7          Zurich American requests this Court declare the rights and obligations of the parties

8  with regard to Zurich American's duty to defend and indemnify Non-Debtor Defendants

9  and Zurich American's right to restitution in an amount equal to the benefits conferred

10  upon Non-Debtor Defendants.

11          WHEREFORE, Zurich American prays for Judgment against Solvis Staffing and

12  Non-Debtor Defendants as follows:

13      1.      That the Court declare the Zurich American Policies are rescinded and void

14  *ab initio*;

15      2.      That the Court declare Zurich American has no duty to defend Solvis

16  Staffing in the underlying claims for workers compensation benefits;

17      3.      That the Court declare Zurich American has no duty to indemnify Solvis

18  Staffing in the underlying claims for workers compensation benefits;

19      4.      That the Court order Zurich American is entitled to recoup all defense fees,

20  costs and indemnity paid on behalf of Solvis Staffing, according to proof;

21      5.      That the Court order Zurich American is entitled to restitution in an amount

22  equal to the benefits conferred upon Solvis Staffing, according to proof;

23      6.      That the Court declare Zurich American has no duty to defend Non-Debtor

24  Defendants in the underlying claims for workers compensation benefits;

25      7.      That the Court declare Zurich American has no duty to indemnify Non-

26  Debtor Defendants in the underlying claims for workers compensation benefits;

27      8.      That the Court order Zurich American is entitled to restitution in an amount

28  equal to the benefits conferred upon Non-Debtor Defendants, according to proof;

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

9.      That the Court adjudicate the rights and obligations of Does 1-50 with respect to the matters set forth in the Complaint;

10.     That the Court award Zurich American its attorney's fees and costs in this action, as applicable and provided by law;

11.     That the Court award Zurich American such other and further relief as the Court may deem just and proper.

DATED:  July 30, 2018            SINNOTT, PUEBLA,
                                 CAMPAGNE & CURET, APLC


                                 By:    _____/s/ John T. Meno_____
                                        BLAISE S. CURET
                                        JOHN T. MENO
                                        Attorneys for Zurich American Insurance
                                        Company and Zurich American Insurance
                                        Company of Illinois

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224